FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 25 2017

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

CHARLEY DAVID STANLEY                      PLAINTIFF

VS.             NO. 4:17-cv-00270 KGB/JJV

LINCOLN NATIONAL LIFE
INSURANCE COMPANY and
CONWAY REGIONAL MEDICAL
CENTER d/b/a CONWAY REGIONAL
HEALTH SYSTEM                              DEFENDANTS

This case assigned to District Judge _Baker_
and to Magistrate Judge _Volpe_

**COMPLAINT**

Plaintiff, Charley David Stanley, by and through his undersigned attorneys, Lacy Law Firm, and for her Complaint against Defendants, Lincoln National Life Insurance Company and Conway Regional Medical Center d/b/a Conway Regional Health System, states:

**JURISDICTION AND VENUE**

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"), to recover benefits due under an employee benefit plan, to redress breaches of fiduciary duties under ERISA, and to recover costs and attorneys' fees as provided by ERISA.

2. This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA, 29 U.S.C. § 1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. 1132(e)(1) and 28 U.S.C. § 1331. Under section 502(f) of ERISA, 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

1

3. Venue is properly laid in this district pursuant of section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b), in that one or more of the Defendants resides or is found in this district.

## PARTIES

4. Plaintiff Charley Davis Stanley is an individual residing in Faulkner County, Arkansas.

5. Defendant Lincoln National Life Insurance Company ("Lincoln") is a foreign corporation with its principal place of business located in a state other than Arkansas. Defendant Lincoln served as and performed the function of the administrator of Plaintiff's claim. As claims administrator, Lincoln made the determination to approve or disapprove disability claims made by participants of the Plan. Lincoln ostensibly operated, therefore, as a "fiduciary" of the Defendant Plan within the meaning of sections 3(21) and 405(c) of ERISA, 29 U.S.C. § 1002(21) and § 1105(c). Lincoln's registered agent for service of process is Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

6. Defendant Conway Regional Medical Center d/b/a Conway Regional Health System ("Conway Regional") is an Arkansas corporation with its principal place of business in Arkansas. Conway Regional is the Plan sponsor and "named fiduciary" of the Defendant Plan, within the meaning of § 3(16)(A) & (B), § 3(21)(A), and § 405(c) of ERISA, 29 U.S.C. § 1002(16)(A) & (B), § 1002(21)(A), and § 1105(c). Conway Regional is a fiduciary of the Plan within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Conway Regional is a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14). Conway Regional's registered agent for service of legal process is Matthew Troup, 2302 College Avenue,

Conway, Arkansas 72034

## COUNT I: CLAIM FOR DISABILITY BENEFITS UNDER THE PLAN

7. Paragraphs 1-6 are re-alleged and incorporated by reference as if fully set forth herein.

8. This Action falls under 29 U.S.C. §1132 of ERISA seeking recovery of benefits by Plaintiff.

9. Plaintiff is a participant in an employee benefit plan which provided disability insurance coverage. The policy of disability insurance under which she has made a claim for benefits that was denied was renewed after March 1, 2013.

10. As a participant, Plaintiff was entitled to long term disability benefits.

11. Plaintiff is disabled as a result of heart disease and pancreatitis.

12. Defendants initially approved Plaintiff's claim for disability benefits only to later deny his claim based upon the same available medical information. Defendants have unilaterally, arbitrarily and capriciously denied Plaintiff's claim for disability benefits. This unilateral and arbitrary denial of Plaintiff's disability benefits violates the provisions of ERISA and the provisions of the Plan itself.

13. The amount of harm to Plaintiff is continuing at this time and is in excess of Federal Diversity Jurisdiction.

14. Pursuant to 29 U.S.C. § 1001 et seq., Plaintiff is entitled to recover all benefits due and owed under the Plan, past and future, all consequential and incidental damages incurred in result of the wrongful denial and termination of benefits thereunder, and all attorneys fees and costs herein expended.

## COUNT TWO: ATTORNEYS' FEES

15. Paragraphs 1-14 are re-alleged and incorporated by reference as if fully set forth herein.

16. Plaintiff is entitled to recover a reasonable attorney's fee and costs of the action herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court:

(1) Award Plaintiff all past and future disability benefits to which he is entitled and interest as it has accrued since date of original entitlement;

(2) Award Plaintiff the costs of this action and reasonable attorneys' fees; and

(3) Award such other, further and different relief as may be just and proper.

Respectfully Submitted,

Brandon W. Lacy
**LACY LAW FIRM**
630 S. Main Street
Jonesboro, AR 72401
870-277-1144

_____
Brandon W. Lacy #03098